**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 98-4565

TODD ANDREW HERBERT,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 98-4566

WILLIAM RAY JENKINS,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Norman K. Moon, District Judge.
(CR-97-24-H)

Submitted: January 29, 1999

Decided: February 24, 1999

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. Kent Bowers, Harrisonburg, Virginia; John S. Hart, Jr., Harrison-
burg, Virginia, for Appellants. Robert P. Crouch, Jr., United States

Attorney, Joseph W. H. Mott, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Todd Andrew Herbert and William Ray Jenkins appeal their sentences on various grounds. After a jury trial, Herbert and Jenkins were each convicted of one count of conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 (1994). Herbert was sentenced to a life term of imprisonment and Jenkins was sentenced to 275 months' imprisonment. Finding no reversible error, we affirm.

Herbert contends the court erred by finding that he was an organizer and leader of the conspiracy, that he used a minor to commit the offense, and that he was accountable for two kilograms of crack cocaine. Jenkins contends the court erred by finding that he obstructed justice. We review the district court's factual findings for clear error. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995).

Herbert's offense level was increased by four levels because the court found that he was an organizer or leader of a criminal activity that involved five or more participants. See U.S. Sentencing Guidelines Manual § 3B1.1(a) (1997). Evidence showed that Herbert established the connections used to purchase cocaine, that he recruited other participants, and that he threatened other co-conspirators. Further, Herbert instructed his cohorts to pick up and sell the product, purchase and rent automobiles, and rent motel rooms, all on his behalf. Rather than dispute the court's factual findings, Herbert contends that the enhancement was not proper because the conspiracy

2

continued after his arrest and incarceration. However, this does not control the analysis and does not suggest that the court's factual findings were clearly erroneous.

Herbert's offense level was increased by two levels because the court found that he used minors to assist him in purchasing and distributing the crack cocaine. See USSG § 3B1.4. There was evidence that Herbert used one minor to assist him when traveling to New York for the purpose of making narcotics purchases. Herbert argues that the enhancement was improper because the minor was tried by a Virginia state court as an adult for offenses arising from his involvement in the conspiracy. This fact is not relevant to the court's consideration of an enhancement under § 3B1.4. The enhancement is proper if Herbert "used or attempted to use a person less than eighteen years of age to commit the offense . . . ." USSG § 3B1.4. The uncontested evidence clearly demonstrates that the enhancement was proper.

Herbert next contends that the court erred in finding that he was responsible for two kilograms of cocaine for sentencing purposes. Herbert claims that the evidence only established that he was responsible for approximately 1.4 kilograms of cocaine.* There was evidence that either Herbert or one of his cohorts made a weekly trip on behalf of the conspiracy to New York City for the purpose of purchasing cocaine. From the end of 1995 to the spring of 1997, anywhere from one to nine ounces of cocaine was brought back from each one of these trips. In support of his contention, Herbert only considers the cocaine he personally brought back after fifteen trips with one of his coconspirators. He ignores evidence of trips taken with other members of the conspiracy, trips taken on his behalf by other members of the conspiracy, and trips taken by members of the conspiracy after Herbert was arrested.

"A defendant convicted of conspiracy should be sentenced not only on the basis of his conduct, but also on the basis of conduct of coconspirators in furtherance of the conspiracy that was known to the

_____

*Based upon the finding that Herbert was responsible for two kilograms of cocaine base, the court imposed a base offense level of 38. If Herbert was found responsible for only 1.4 kilograms of cocaine base, the base offense level would be 36. See USSG§ 2D1.1(c).

3

defendant or reasonably foreseeable to him." <u>United States v. Williams</u>, 986 F.2d 86, 90 (4th Cir. 1993). In other words, a defendant's responsibility is not limited to only the narcotics he personally handled. <u>See United States v. D'Anjou</u>, 16 F.3d 604, 614 (4th Cir. 1994). In this instance, given Herbert's role in the offense, it was reasonably foreseeable to him that the conspiracy concerned at least 2 kilograms of cocaine. Thus, we find that the court did not err.

Jenkins contends that the court erred by imposing a two-level enhancement to the offense level for obstruction of justice. <u>See</u> USSG § 3C1.1. At sentencing, the court heard testimony from a government investigator regarding a threat Jenkins made. According to the investigator, a possible witness to the conspiracy heard from a third party that Jenkins threatened to kill the witness if a member of the conspiracy received any jail time. The investigator testified that he heard of the threat from both the third party and the witness. Jenkins contends that the court erred by relying on this hearsay evidence as support for the enhancement.

An enhancement is proper under § 3C1.1 if the defendant "threaten[s] . . . a co-defendant, witness, or juror, directly or indirectly, or attempt[s] to do so." USSG § 3C1.1 comment. (n. 3). There must be some evidence that the threat is made under circumstances in which there is some likelihood that the witness will learn of the threat. <u>See United States v. Brooks</u>, 957 F.2d 1138, 1149-50 (4th Cir. 1992). The court may base its finding solely on hearsay evidence. <u>See United States v. Puckett</u>, 61 F.3d 1092, 1095 (4th Cir. 1995).

In the instant case, there was evidence that Jenkins made a threat to the witness's boyfriend and that the boyfriend relayed the threat to the witness. This is sufficient to support the enhancement under § 3C1.1. The fact that the evidence was hearsay does not diminish its value so long as the court finds it reliable, which in this case it did. <u>See id.</u>; <u>United States v. Jones</u>, 31 F.3d 1304, 1316 (4th Cir. 1994). Thus, we find that the court's finding was not clearly erroneous.

We affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

4